IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| IN RE APPLICATION OF JOESLEY MENDONCA BATISTA, WESLEY MENDONCA BATISTA, FRANCISCO DE ASSIS E SILVA, AND RICARDO SAUD FOR AN ORDER TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782 | Case No. 1:19-mc-04 |

## ORDER

This matter is before the Court on petitioners' *Ex Parte* Emergency Application and Petition for an Order to Conduct Expedited Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782 ("the Application") (Dkt. 1) and Baker & McKenzie LLP's ("intervenor") Motion for Leave to Intervene (Dkt. 9). Oral argument was held on the Application and the Motion for Leave to Intervene on March 1, 2019. Counsel for petitioners, for intervenor, and for Joan Meyer ("respondent")[1] were all present at the hearing.

### I.

In its motion, intervenor argues that its request to intervene in this proceeding to challenge petitioners' Application is justified both because intervenor has standing under § 1782 and because Rule 24, Fed. R. Civ. P., permits intervention in these circumstances.

Intervenor first argues that it has standing to intervene because petitioners seek to discover information that is related to pending domestic litigation by petitioners against intervenor. Courts have concluded that a "part[y] against whom the requested information will be used . . . has standing to challenge the issuance of § 1782 subpoenas under the Rules of Civil Procedure and

---

[1] Respondent is represented in this matter by Thomas G. Connolly of Harris, Wiltshire & Grannis LLP.

1

under the statute itself." *In re Rivada Networks*, 230 F. Supp. 3d 467, 472 (E.D. Va. 2017) (quoting *In re Hornbeam Corp.*, No. 14 Misc. 424, 2015 U.S. Dist. LEXIS 142361, at *6 (S.D.N.Y. Sept. 17, 2015)) (alterations in original). Yet, intervenor is not a party to the foreign proceeding before the Brazilian Supreme Court, and petitioners have represented that they will not use respondent's deposition in the domestic litigation unless such discovery is separately authorized in that case. Thus, there is some doubt whether intervenor has standing to intervene pursuant to § 1782 itself.

Next, intervenor argues that it satisfies the requirements for intervention as a matter of right or at least permissive intervention pursuant to Rule 24. A party may intervene as a matter of right if "(i) the movant has an interest in the subject matter of the action; (ii) the protection of this interest would be impaired because of the action; and (iii) the movant's interest is not adequately represented by existing parties to the litigation." *Id.* (citing Fed. R. Civ. P. 24(a)(2)). A district court may also permit a party to intervene if the movant "has filed a timely motion and 'has a claim or defense that shares with the main action a common question of law or fact.'" *Id.* (citing Fed. R. Civ. P. 24(b)). Here, intervenor may intervene as a matter of right because it is clear that petitioners' deposition of respondent may reveal information protected as attorney work-product that intervenor is entitled to defend against disclosure. And at the very least, intervenor satisfies the requirements for permissive intervention because its timely motion reflects that petitioners' desired deposition is relevant to the factual disputes underlying petitioners' allegations against intervenor in the domestic litigation. Thus, it is clear that intervenor is permitted to intervene in this proceeding pursuant to Rule 24.

## II.

In the Application, petitioners seek permission to obtain limited discovery from respondent through the issuance of a subpoena *duces tecum* and a subpoena *ad testificandum* to obtain

respondent's testimony and memorandum written in connection with her resignation from Baker & McKenzie LLP to be used in a proceeding before the Brazilian Supreme Court.[2] In support, petitioners argue that this discovery is authorized by 28 U.S.C. § 1782.

Section 1782 provides, in relevant part:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made . . . upon the application of any interested person.

In short, the statute requires an application made pursuant to § 1782 to satisfy three mandatory prerequisites: (1) the person from whom discovery is sought must reside in or be found within the district; (2) the discovery must be for use in a proceeding before a foreign or international tribunal; and (3) the application must be made by a foreign or international tribunal or any interested person. *See In re DiGiulian*, 314 F. Supp. 3d 1, 6 (D.D.C. 2018); *In re Nat'l Syndicate for Elec. Energy*, No. 1:13-MC-20 GBL/TCB, 2014 WL 130973, at *2 (E.D. Va. Jan. 14, 2014).

If an application satisfies the three statutory requirements, the district court may also consider four discretionary factors in deciding whether to grant the application. Those discretionary factors are: (1) whether the documents or testimony sought are within the foreign tribunal's jurisdictional reach, and thus accessible absent Section 1782 aid; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance"; (3) whether the Section 1782 request "conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the

---

[2] The subpoenas are attached as Exhibit 2 to the Declaration of Jared W. Newton dated February 25, 2019 (Dkt. 3-2).

3

subpoenas contain unduly intrusive or burdensome requests. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004).

Upon consideration of petitioners' representations and supporting declarations, it is clear that the Application meets each of the three statutory requirements under § 1782. In addition, each of the four discretionary *Intel* factors weighs in favor of granting the Application. Accordingly, petitioners' Application must be granted, as provided more fully below.

### III.

Accordingly, for the reasons stated above, and for the reasons stated from the bench,

It is hereby **ORDERED** that intervenor's motion to intervene (Dkt. 9) is **GRANTED**.

It is further **ORDERED** that petitioners' Application (Dkt. 1) is **GRANTED** and that petitioners are thus authorized to serve upon respondent the subpoenas attached as Exhibit 2 to the declaration of Jared Newton (Dkt. 3-2).

It is further **ORDERED** that the parties are directed that the deposition of respondent pursuant to the subpoenas is scheduled to begin **at 10:00 A.M. on Monday, March 18, 2019** before Magistrate Judge Ivan D. Davis **in Courtroom 301** of the United States District Court for the Eastern District of Virginia, Alexandria Division. Counsel for petitioner, intervenor,[3] and respondent may all participate in the deposition in accordance with the Federal Rules of Evidence and Civil Procedure.

It is further **ORDERED** that intervenor is directed to submit to the court **under seal** and *ex parte*, **by 12:00 P.M. on Friday, March 8, 2019**, (i) a copy of respondent's memorandum written in connection with her resignation, along with (ii) a brief identifying the information in the

---

[3] Intervenor is advised that it may object to the disclosure by respondent of any information protected by privilege or the work-product doctrine.

4

memorandum that intervenor claims is privileged or irrelevant, as well as the nature of any privilege and the reasons such information is irrelevant.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
March 4, 2019

/s/
T. S. Ellis, III
United States District Judge