| | |
|---|---|
| IN RE APPLICATION OF JOESLEY MENDONCA BATISTA, WESLEY MENDONCA BATISTA, FRANCISCO DE ASSIS E SILVA, AND RICARDO SAUD FOR AN ORDER TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782 | Case No. 1:19-mc-00004-TSE-IDD |

**<u>PETITIONERS' OPPOSITION TO INTERVENOR'S MOTION FOR RECONSIDERATION OF THE COURT'S MARCH 4, 2019 RULING</u>**

# TABLE OF CONTENTS

|  | Page |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| BACKGROUND | 1 |
| LEGAL STANDARD | 3 |
| ARGUMENT | 4 |
| CONCLUSION | 7 |

# TABLE OF AUTHORITIES

**Page**

**Cases**

*In re Application of Grupo Qumma*,
   No. M 8-85, 2005 WL 937486 (S.D.N.Y. Apr. 22, 2005) ........................................... 6

*In re Application of Sveaas*,
   249 F.R.D. 96 (S.D.N.Y. 2008) ............................................................................. 4, 6

*In re Babcock Borsig AG,*
   583 F.Supp. 2d 233 (D. Mass. 2008) ........................................................................ 4

*In re Barnwell Enters. Ltd*,
   265 F. Supp. 3d 1 (D.D.C. 2017) .............................................................................. 4

*In re Bernal*,
   No. 18-21951-MC, 2018 WL 6620085 (S.D. Fla. Dec. 18, 2018) ............................ 6

*Boryan v. United States*,
   884 F.2d 767 (4th Cir. 1989) .................................................................................... 3

*In re DiGiulian*,
   314 F. Supp. 3d 1 (D.D.C. 2018) .......................................................................... 5, 7

*Euromepa S.A. v. R. Esmerian, Inc.*,
   51 F.3d 1095 (2d Cir. 1995) ..................................................................................... 6

*Gadson v. United States,*
   Civil Case No. 3:16-cv-882, 2018 WL 2843219 (E.D. Va. Jun. 11, 2018) .............. 3

*Gould v. Wood/Chuck Chipper Corp., Case Nos. 99-1544, 99-1707*,
   2000 U.S. App. LEXIS 22320 (6th Cir. Aug. 25, 2000) .......................................... 3

*Intel Corp. v. Advanced Micro Devices Inc.*,
   542 U.S. 241 (2004) ......................................................................................... 3, 4, 5

*United States v. Loiseau*,
   No. 3:97CR344, 2018 WL 4496483 (E.D. Va. Sept. 19, 2018) ............................... 3

*In re Microsoft Corp.,*
   428 F. Supp. 2d 188 (S.D.N.Y. 2006) ...................................................................... 4

*Mitchell v. Harris*,
   No. 2:14-cv-2993 MCE AC, 2016 U.S. Dist. LEXIS 157388 (E.D. Cal. Nov. 14, 2016) ........ 3

*Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*,
 148 F.3d 396 (4th Cir. 1998) ........................................................................................................ 3

*In re Request for Judicial Assistance from the Dist. Court in Svitavy, Czech Republic*,
 748 F. Supp. 2d 522 (E.D. Va. 2010) ........................................................................................ 4

*Williams v. Hobbs*,
 658 F.3d 842 (8th Cir. 2011) ...................................................................................................... 3

## PRELIMINARY STATEMENT

Baker is asking this Court to reverse its ruling, less than two weeks ago, granting Petitioners' application to depose Ms. Joan Meyer, a former Baker partner with information potentially useful to Petitioners in proceedings now pending against them in Brazil. As the sole basis for its motion, Baker relies on an irrelevant discovery ruling recently issued in the Brazilian proceedings. Baker claims that ruling means that the Supreme Court in Brazil will refuse to consider any testimony by Ms. Meyer ordered by this Court. But that is not what the ruling says, and there is no sound basis for reconsideration.

The ruling in Brazil had nothing to do with the admissibility of evidence, and nothing to do with Ms. Meyer. To the extent relevant to these proceedings at all, the ruling in Brazil confirms that the Brazilian court will consider newly submitted evidence material to the issues before it, which is what Brazilian law requires. And even if Baker's contrary understanding of the ruling were plausible, courts in this country have repeatedly held that it is not the role of a U.S. court to resolve a dispute as to admissibility in a foreign proceeding as a condition for granting discovery under Section 1782. But that is exactly the role that Baker is asking the Court to play here.

Baker was unable to prevent Ms. Meyer's deposition when it appeared before the Court two weeks ago, and it is now trying again by invoking an irrelevant discovery ruling in a foreign proceeding to which Baker is not even a party. If anything, Baker's desperate attempt to prevent Ms. Meyer's testimony highlights its importance. The Court was right to authorize Ms. Meyer's deposition, and Baker's request that the Court reverse its ruling should be denied.

## BACKGROUND

Petitioners initiated this action to obtain discovery from Ms. Meyer, upon learning from a whistleblower that she possesses information likely useful to Petitioners in proceedings in Brazil in which they are seeking to preserve cooperation agreements protecting them from prosecution.

1

Baker entered a motion to intervene, citing its interest in ensuring that Ms. Meyer not disclose privileged information relating to Baker's defense of a malpractice action pending against it in Washington, D.C. (ECF No. 12 at 1). The Court entertained extensive argument at a hearing on March 1, 2019, and entered an order protecting the interests of all parties. Specifically, the Court i) granted Petitioners' Application and authorized the deposition of Ms. Meyer, ii) directed Baker to submit her memorandum for in camera review so the Court could determine privilege and relevance in advance of production, and iii) granted Baker's motion to intervene for purposes of attending Ms. Meyer's deposition, set for April 1, 2019, and asserting privilege objections. *See generally* Order (ECF No. 28).

Baker brings its present motion asking the Court to reverse itself and deny all discovery of Ms. Meyer based on Baker's reading of a ruling entered in the Brazilian proceedings on February 28, 2019. As characterized by Baker, that ruling provides "definitive" indication that the Brazilian Court will refuse to consider evidence produced in this action. Mot. at 6. In fact, the ruling in Brazil has nothing to do with the admissibility of evidence. Rather, one member of the Brazilian Supreme Court, Justice Fachin, denied certain discovery requests by Petitioners, while authorizing others, and deemed discovery closed.[1] Justice Fachin explained that the parties "no longer possess a subjective right to the *broad* production of evidences, as the burden is theirs to demonstrate that the requested measure is capable of clarifying or settling extraordinary events verified over the course of the investigation phase." Lóssio Supp. Decl. ¶18 (emphasis added). In other words, as explained by Luciana Lóssio, a former Brazilian federal judge, Justice Fachin determined the court

---

[1] The requests before Justice Fachin had nothing to do with Ms. Meyer. Moreover, those requests were not targeted to exculpatory information, but were more general in nature, such as requests for corporate balance sheets, spreadsheets, and appendices to various records. Lóssio Supp. Decl. ¶¶16-17.

2

in Brazil would no longer grant broad discovery requests, but would grant targeted requests aimed at the collection of evidence useful to clarify key issues (*i.e.*, "extraordinary events") in the case. *Id.*, at ¶¶18-19.

## **LEGAL STANDARD**

Reconsideration motions are disfavored, and warranted only in narrow and limited circumstances. *See, e.g., United States v. Loiseau*, No. 3:97CR344, 2018 WL 4496483, at *1 (E.D. Va. Sept. 19, 2018), *appeal dismissed*, 746 F. App'x 220 (4th Cir. 2018) ("[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly."). Baker invokes the exception permitting such motions based on "new evidence." Mot. at 4-5. But in order to qualify as grounds for reconsideration, such evidence must be so "'material'" that it "'would require the judgment to be amended.'" *Gadson v. United States*, Civil Case No. 3:16-cv-882, 2018 WL 2843219, at *2 (E.D. Va. Jun. 11, 2018) (quoting *Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989)).² As set forth below, the "evidence" that Baker invokes here, which consists of a discovery ruling in Brazil, does not nearly rise to that standard.

---

² As a threshold matter, Baker cannot meet this standard because it is asking this Court to revisit whether the court in Brazil would be receptive to receiving evidence, which is a discretionary factor in the Section 1782 analysis. *See Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 264-65 (2004). Thus, even if Baker could demonstrate that the Brazilian court would not accept Ms. Meyer's testimony, that would not "clearly [compel] a different result" in this proceeding, and thus would not be grounds for reconsideration. *Gould v. Wood/Chuck Chipper Corp.*, Case Nos. 99-1544, 99-1707, 2000 U.S. App. LEXIS 22320, at *11 (6th Cir. Aug. 25, 2000) (denying motion for reconsideration where new evidence would not have impacted summary judgment decision); *see also Williams v. Hobbs*, 658 F.3d 842, 854 (8th Cir. 2011) (denying reconsideration where movant failed to make "the required showing that this evidence would have produced a different result"); *Mitchell v. Harris*, No. 2:14-cv-2993 MCE AC, 2016 U.S. Dist. LEXIS 157388, at *4-5 (E.D. Cal. Nov. 14, 2016) (denying motion for reconsideration where new facts supported movant's position, but would not require a different ruling).

## ARGUMENT

Baker claims that the recent discovery ruling in Brazil demonstrates that the Brazilian Supreme Court has a "lack of receptivity to additional evidence," which Baker calls a "key" factor weighing against discovery under Section 1782. Mot. at 5. This argument both vastly understates the showing a party is required to make in order to avoid discovery under Section 1782, and mischaracterizes the ruling in Brazil, which has nothing to do with the admissibility of evidence.

"Section 1782 does not require that the material sought in the United States be discoverable—or even admissible—in the foreign tribunals." *In re Barnwell Enters. Ltd*, 265 F. Supp. 3d 1, 11 (D.D.C. 2017); *Intel*, 542 U.S. at 260 ("[N]othing in the text of § 1782 limits a district court's production-order authority to materials that could be discovered in the foreign jurisdiction if the materials were located there."). Moreover, it is not the role of a U.S. court to "delv[e] into the [] technical question of discoverability under foreign laws in considering a § 1782 request for judicial assistance." *In re Request for Judicial Assistance from the Dist. Court in Svitavy, Czech Republic*, 748 F. Supp. 2d 522, 527 (E.D. Va. 2010) (citing *Intel,* 542 U.S. at 263). If there is even a "factual dispute" as to relevance in a foreign proceeding, discovery under Section 1782 is proper. *In re Application of Sveaas,* 249 F.R.D. 96, 107 (S.D.N.Y. 2008).[3]

---

[3] The cases that Baker cites are inapposite. In *In re Pinchuk*, the court stayed a 1782 application because it was unclear that the foreign action would be permitted to proceed at all, in light of an arbitration agreement between the parties. No. 14–CIV–20047, 2014 WL 1328484, at *1 (S.D. Fla. Mar. 31, 2014). In *In re Microsoft Corp.,* the European Commission "[had] explicitly stated that it oppos[ed] the discovery sought by Microsoft and was not receptive to U.S. judicial assistance." 428 F. Supp. 2d 188, 194 (S.D.N.Y. 2006). That is a far cry from the discovery ruling Baker relies on here, which did not even address whether the Brazilian court would receive evidence from the United States, much less "oppos[e]" doing so. *See* Lóssio Supp. Decl. ¶22. Lastly, in *In re Babcock Borsig AG,* the court denied an application under Section 1782 "on discretionary grounds," 583 F.Supp. 2d 233, 235 (D. Mass. 2008), among other reasons, because the petitioner sought discovery for use in a "possible" foreign arbitration that it had yet to file more than two years after the event that supposedly gave rise to a claim, and because the parties had

4

Under these standards, a party opposing discovery in a Section 1782 proceeding has the heavy burden of presenting "*authoritative proof* that [the] foreign tribunal would reject evidence obtained with the aid of section 1782." *In re DiGiulian*, 314 F. Supp. 3d 1, 8 (D.D.C. 2018) (emphasis added). Baker strains to meet that standard by claiming (Mot. at 6) that Justice Fachin's ruling amounts to a "definitive" holding that the court in Brazil will consider no further evidence. *See supra* at 2. In fact, Justice Fachin's ruling has nothing to do with the admissibility of evidence in the Brazilian Proceeding. Rather, it was a discovery ruling. Moreover, as noted above, whether Ms. Meyer's testimony would be discoverable in Brazil if she "were located there" is irrelevant to whether discovery is warranted under Section 1782. *Intel*, 542 U.S. at 260. In any event, Justice Fachin's ruling does not bar all discovery for all purposes. He made clear that the Brazilian court will continue to authorize the collection of evidence "able to clarify[] or settl[e] extraordinary events" at issue in the Brazilian proceedings. Lóssio Supp. Decl. ¶18-19. As Ms. Lóssio explains, any information that Ms. Meyer possesses concerning possible misconduct by Baker or Trench Rossi would qualify under that standard. Lóssio Supp. Decl. ¶19.

Moreover, Baker's contrary reading of Justice Fachin's order, by which no further evidence will be received in Brazil under any circumstances, conflicts with fundamental principles of Brazilian law.[4] As Ms. Lóssio details in her declaration, Article 435 of the Brazilian Code of Civil Procedure provides that "[t]he parties are legally allowed, *at any time*, to add new documents to

---

already engaged in "lengthy and highly contentious litigation," with extensive discovery, in the United States. *Id*. at 242. There is nothing resembling that here.

[4] Baker itself has acknowledged that, not being a party to the Brazilian proceedings, its "interpretation [of the Brazilian proceedings] is necessarily based on a very limited amount of information." Motion for Leave to File Carmona Declaration (ECF No. 24) at 2. This is added reason that Baker's characterization of Justice Fachin's ruling, and its implications for the Brazilian Proceedings, cannot be viewed as authoritative.

the court files, when their purpose is to prove facts occurred after the ones described in the court files, or to challenge facts that were described therein." (emphasis added). And, similarly, Article 231 of the Brazilian Code of Criminal Procedure provides that "[e]xcept for the instances expressly provided by law, parties shall be authorized to present documents in any phase of the proceedings." Lóssio Supp. Decl. ¶¶8-10. The Brazilian ruling references these provisions explicitly. Lóssio Supp. Decl. ¶¶11-12.

Even if Baker's interpretation of Justice Fachin's order were somehow plausible in the face of these legal provisions, that interpretation would at most give rise to a "factual dispute" between Baker and Petitioners as to whether Ms. Meyer's testimony would be admissible in Brazil, which is not grounds to bar discovery. *In re Application of Sveaas,* 249 F.R.D. at 107; *see also Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1099-1100 (2d Cir. 1995) (holding that the court may only consider "authoritative proof" in finding that foreign court was not receptive to evidence sought, rather than a "battle-by-affidavit of international legal experts"). If anything, the existence of such a dispute is all the more reason that discovery is proper under Section 1782, so that the foreign court can decide for itself whether and how to make use of those materials that are produced. *See In re Bernal*, No. 18-21951-MC, 2018 WL 6620085, at *5 (S.D. Fla. Dec. 18, 2018) ("It is therefore the Spanish Court, rather this this Court, that should decide whether additional evidence is admissible and it will be in a better position to do so if [petitioner] is permitted to conduct the requested discovery first."); *In re Application of Grupo Qumma*, No. M 8-85, 2005 WL 937486, at *3 (S.D.N.Y. Apr. 22, 2005) (similar).

In sum, there is simply nothing in Justice Fachin's order, or in the relevant provisions of Brazilian law, that provides any indication, much less "authoritative proof," that the court in Brazil would refuse to consider Ms. Meyer's testimony or memorandum. *In re DiGiulian*, 314 F. Supp.

3d at 8. To the contrary, there is ample basis for Ms. Lóssio's conclusion that Ms. Meyer's evidence would properly be admitted for consideration in the Brazilian Proceeding. Lóssio Supp. Decl. ¶21. Thus, as this Court has already held (ECF No. 28, at 4-5), Petitioners satisfy all of the mandatory and discretionary factors for relief under Section 1782, and are entitled to discovery.

## CONCLUSION

For the foregoing reasons, Petitioners respectfully request that the Court deny Baker's Motion for Reconsideration of the Court's March 4, 2019 Ruling.

Dated: March 15, 2019	Respectfully submitted,

/s/ *Jared W. Newton*

Jared W. Newton (Virginia Bar No. 80746)
Patrick J. Stafford (Virginia Bar No. 84490)
William A. Burck (*pro hac vice*)
Eric C. Lyttle (*pro hac vice*)
Benjamin O'Neil (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
1300 I Street NW
Suite 900
Washington, D.C. 20005
(T): 202-538-8000
(F): 202-538-8100
jarednewton@quinnemanuel.com
patrickstafford@quinnemanuel.com
williamburck@quinnemanuel.com
ericlyttle@quinnemanuel.com
benoneil@quinnemanuel.com

Adam M. Abensohn (*pro hac vice*)
Lucas V.M. Bento (*pro hac vice*)
QUINN EMANUEL URQUHART &
SULLIVAN, LLP
51 Madison Avenue, Floor 22
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
adamabensohn@quinnemanuel.com
lucasbento@quinnemanuel.com

*Attorneys for Petitioners*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this the 15th day of March, 2019, I filed the foregoing document electronically with the Clerk of the Court using the ECF system, and caused to be served by electronic mail a copy of the foregoing document upon all parties of record.

                                              */s/ Jared W. Newton*

                                              Jared W. Newton
                                              *Attorney for Petitioners*