IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| IN RE APPLICATION OF JOESLEY MENDONCA BATISTA, WESLEY MENDONCA BATISTA, FRANCISCO DE ASSIS E SILVA, AND RICARDO SAUD FOR AN ORDER TO TAKE DISCOVERY FOR USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782 | Case No. 1:19-mc-04 |

## ORDER

Before the Court in this matter is intervenor's motion for reconsideration of the Court's Order granting petitioners' application for leave to conduct discovery for use in a proceeding before the Supreme Federal Court of Brazil pursuant to 28 U.S.C. § 1782 ("the Application"). By Order dated March 4, 2019, the Application was granted, and the deposition of respondent was scheduled to take place before Magistrate Judge Ivan D. Davis. In addition, petitioners were given leave to serve upon respondent a subpoena *duces tecum* to compel respondent to produce at the deposition a memorandum written by respondent in connection with her resignation from intervenor. Intervenors subsequently filed a motion for reconsideration of this Order on the ground that new evidence demonstrates that the Supreme Federal Court of Brazil will not be receptive to the discovery that the Application seeks. For the reasons that follow, intervenor's motion for reconsideration must be denied.[1]

In the motion for reconsideration, intervenor asserts that a recent ruling by the Supreme Federal Court of Brazil, issued on February 28, 2019, declared that the proceedings regarding the

---

[1] Oral argument is not necessary to resolve the motion for reconsideration as the issues and governing law are adequately set forth in the parties' pleadings.

1

potential rescission of petitioners' collaboration agreements were closed and that petitioners were not permitted to produce additional evidence with respect to that issue. Thus, according to intervenor, this ruling demonstrates that one of the discretionary factors a district court may consider in resolving a § 1782 application, namely the foreign court's receptivity to the requested discovery, weighs against granting petitioners' Application. This argument fails because the Brazilian Court's ruling does not demonstrate that the Federal Supreme Court of Brazil would reject the evidence sought by petitioners in the Application.

One of the discretionary factors a district court may consider in deciding whether to grant a foreign discovery request pursuant to § 1782 is "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004). Yet importantly, the Supreme Court has made clear that § 1782 does not "limit[] a district court's production-order authority to materials that could be discovered in the foreign jurisdiction." *Id.* at 261. Thus, in order to demonstrate the foreign court would not be receptive to § 1782 evidence, "[t]he party resisting discovery must point to 'authoritative proof' that the foreign tribunal would reject the evidence sought." *In re Barnwell Enterprises Ltd*, 265 F. Supp. 3d 1, 10–11 (D.D.C. 2017) (quoting *In re Veiga*, 746 F.Supp.2d 8, 23–24 (D.D.C. 2010)); *see also Euromepa S.A. v. R. Esmerian, Inc.*, 51 F.3d 1095, 1100 (2d Cir. 1995) ("[A] district court's inquiry into the discoverability of requested materials should consider only authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782.").

Here, intervenor has not demonstrated that the Federal Supreme Court of Brazil would be hostile to the discovery sought by petitioners' Application because the Brazilian Court's February 28, 2019 ruling does not make clear that the Brazilian Court would reject evidence obtained by

petitioners through a deposition of respondent taken pursuant to § 1782. Rather, the ruling appears to reject certain specific discovery requests made by petitioners in the course of their proceeding before the Brazilian Court. Importantly, none of these discovery requests concerned the testimony or documentary evidence that is the subject of petitioners' Application, and nothing in the Brazilian Court's ruling reflects that the Federal Supreme Court of Brazil would be unreceptive to evidence obtained by petitioners via United States federal-court judicial assistance. Furthermore, the ruling does not appear to close petitioners' proceeding because the ruling states that the Brazilian Court would continue to authorize the collection of evidence "able to clarify[] or settl[e] extraordinary events" at issue in the Brazilian proceedings. Therefore, the Brazilian Court's February 28, 2019 ruling does not constitute "authoritative proof" that the Federal Supreme Court of Brazil would reject the evidence sought by petitioners in the Application, and, accordingly, the ruling does not necessitate reconsideration of the Order granting petitioners' Application.

Accordingly, for the reasons stated above, and for good cause,

It is hereby **ORDERED** that intervenor's motion for reconsideration (Dkt. 41) is **DENIED**.

The Clerk is directed to send a copy of this Order to all counsel of record.

Alexandria, Virginia
March 18, 2019

/s/
T. S. Ellis, III
United States District Judge